THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: October 19, 2015



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

    Larry E. Gibas,                             Case No. 15-31102-beh
    Kimberly D. Richter Gibas,

        Debtors-in-possession.            Chapter 11

**ORDER REQUIRING DEBTORS TO SHOW CAUSE WHY THEY ARE
ELIGIBLE FOR RELIEF UNDER TITLE 11 OF THE UNITED STATES CODE**

        Larry E. Gibas and Kimberly D. Richter Gibas, the debtors-in-possession, filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on October 2, 2015. At the time of filing their petition, the Gibases did not file their schedules and statement of financial affairs.

        On October 7, 2015, the Gibases filed a Motion to Continue the Automatic Stay, with a hearing date set for October 29, 2015. In that motion the Gibases acknowledge that they had filed a previous case, under Chapter 13, which they had voluntarily dismissed because they "learned they did not fall within the debt limits to file Chapter 13." CM-ECF, Doc. No. 6, 1. Their affidavit in support of the motion further described the circumstances under which they came to voluntarily dismiss their prior bankruptcy case this year. Their motion to dismiss their prior case was filed on July 14, 2015, Case No. 15-24522, CM-ECF, Doc. No. 27, just hours after their home mortgage lender filed a motion for relief from the automatic stay, Case No. 15-24522, CM-ECF, Doc. No. 26. The lender's motion for relief from stay was not acted upon by the court, nor withdrawn by the lender.

In an affidavit filed October 15, 2015, the Gibases stated that they "filed this bankruptcy on an expedited basis to save our homestead." CM-ECF, Doc. No. 14-2. They filed this affidavit as part of a request for additional time to submit their schedules, seeking leave to file their schedules by October 29, 2015.

A bankruptcy court should satisfy itself that debtors in a bankruptcy case are eligible to undertake such a proceeding. *See In re Durham*, 461 B.R. 139, 141 (Bankr. D. Mass. 2011). Section 109(g)(2) of Title 11 of the United States Code provides that a debtor who has voluntarily dismissed another case less than 180 days before the present case is temporarily disqualified from bankruptcy relief, where the voluntary dismissal was entered following a request for relief from the automatic stay. Whether section 109(g)(2) applies here to disqualify the Gibases from proceeding with the present case is a question of law. *Grossman v. Beal (In re Beal)*, 347 B.R. 87, 89 (E.D. Wis. 2006). Based on the limited facts in this record, and the filings in the Gibases' prior case, it appears that these debtors are not presently eligible for bankruptcy relief. A bankruptcy court has authority under section 105(a) to dismiss a case where such an order is necessary or appropriate to carry out the provisions of Title 11. 11 U.S.C. § 105(a); *see Durham*, 461 B.R. at 141; *In re Castillo*, No. 13-00326, Slip Copy, 2013 WL 3490935, at *4 (Bankr. D.P.R. July 10, 2013).

Accordingly, the Court **ORDERS:**

1. The Gibases to show cause why their case should not be dismissed as a matter of law. The Gibases must submit a legal memorandum on the question no later than **November 3, 2015**. The United States Trustee and any other parties-in-interest may file a memorandum by the same date.

2. That a hearing on the debtors' eligibility will proceed on **November 13, 2015**, **at 10:00 a.m. in Room 149.**

3. That the Gibases' Motion to Extend Time to file their schedules and statement of financial affairs is **CONDITIONALLY GRANTED**. The motion is granted on the condition that the Gibases file their schedules and statement of financial affairs on or before **October 28, 2015**, to allow the court and other parties-in-interest the chance to review the documents prior to the October 29 hearing on the Gibases' Motion to Continue Stay.

**It is so ordered.**

# # # # #